# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| PAMELA SUE BRINER-SUMMERS, ) | CASE NO. 03-66902 |
| ) | |
| Debtor. ) | JUDGE RUSS KENDIG |
| ) | |
| JOSIAH L. MASON, TRUSTEE, ) | ADV. NO. 04-6060 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| PAMELA SUE BRINER-SUMMERS, et al., ) | |
| ) | |
| Defendants. ) | |

Two related matters are before the court: the Motion of Defendant, ABN AMRO Mortgage Group, Inc. (hereafter "ABN"), to File Its Answer to Amended Complaint Instanter[1] and trustee Josiah Mason's (hereafter "trustee") objection thereto, and a Motion for default judgment filed by trustee and ABN's objection thereto. For the reasons that follow, ABN's motions to file are **GRANTED** and trustee's motion for default judgment is **DENIED**.

## JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

---

[1] ABN actually filed two motions for leave to file, one relating the complaint and one to defendant Richard Briner's cross claim. Although neither trustee nor Richard Briner objected to ABN's motion to file a reply to the cross claim, in the interests of judicial economy the court will give the same treatment to both motions to file as if trustee had collectively objected to them.

## FACTS

On May 4, 2004, trustee filed a complaint against ABN, Pamela Briner-Summers, Richard Briner, and the Lake Galion Club, Inc. seeking to avoid the transfer of one half interest in real property, determine the extent and validity of liens on the property, and for an order approving the sale of the property. On May 7, 2004, a summons was issued by regular, first-class U.S. mail on ABN at 2600 West Big Beaver Road, Troy Michigan 48084, Pamela Briner-Summers at 411 Scott St., Crestline, OH 44827, Richard Briner at 2271 Lake Gallion Road West, Galion Ohio 44833, and The Lake Galion Club, Inc. c/o Thomas E. Reece, as statutory agent at 2294 Lake Galion Road East, Galion Ohio 44833-9729. Richard Briner filed an answer to the complaint and cross claim against ABN on June 17, 2004.

On July 6, 2004 the trustee filed an amended complaint. Summons was issued upon Richard Briner, Pamela Briner-Summers and the Lake Galion Club, Inc. by regular, first-class U.S. mail on July 15, 2004 at the addresses listed above. Summons was issued upon an officer of ABN by certified mail at the above address on July 15, 2004. Richard Briner filed an answer to the amended complaint and an amended cross-claim on August 13, 2004.

On October 27, 2004, ABN filed a motion for leave to file an answer to the amended complaint along with an answer to the amended complaint. On October 28, 2004 ABN filed a motion for leave to file a reply to the amended cross-claim along with a reply to the amended cross-claim. On November 4, 2004, the trustee filed an objection to ABN's motion for leave to file an answer to the amended complaint. On November 24, 2004 the court ordered the parties to file briefs on this matter, which the trustee and ABN timely filed. Finally, on December 1, 2004 the trustee filed a motion for default judgment against ABN.

## ARGUMENTS

ABN does not allege that service of the summons was in any way defective. Rather, ABN states that despite its due diligence, it missed the filing deadline. In its memorandum in support ABN contends that the phrase "excusable neglect" as used in Federal Rule of Bankruptcy Procedure (hereafter "Rule" or "Rules") 9006(b)(1) encompasses omissions caused by carelessness. ABN cites to Sixth Circuit case law which states a preference for deciding cases on their merits. Additionally, ABN argues that it has a meritorious defense in this case. Finally, ABN asserts that the trustee will not be prejudiced if this court allows ABN to file an answer in this matter.

The trustee argues that ABN's neglect was not excusable. The trustee argues that inattentiveness to litigation is not excusable neglect. Trustee further states that ABN does not have a meritorious defense. Since there is no valid defense, the trustee asserts that allowing this matter to proceed on its merits would do prejudice to the trustee by delaying the resolution of this matter for many months, thereby delaying the sale of the property and the resulting distribution to creditors.

2

## ANALYSIS

**A.     Legal Standard**

In the case of <u>Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380 (1993) the Supreme Court determined that demonstrating "excusable neglect" under Rule 9006 does not require a showing that the failure to act was due to circumstances beyond the attorney's control. Rather, it is an equitable determination and a court may take into account all relevant circumstances. A court may extend a filing deadline even where the late filing is cause by inadvertence, mistake or carelessness. <u>Id</u>. at 388. The factors for court to consider include: (1) danger of prejudice, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay and whether it was within the control of the movant and (4) whether movant acted in good faith. <u>Id</u>. at 395; <u>Jinks v. Alliedsignal Inc.</u>, 250 F.3d 381 (6th Cir. 2001).

Both ABN and trustee argue over whether ABN has a meritorious defense to trustee's claims. A meritorious defense is not one of the factors to be weighed when making a Rule 9006 consideration. Rather, this is one element to be considered under Federal Rule of Civil Procedure 60(b), as stated in the test set forth in <u>United Coin Meter Co. v. Seaboard Coastline R.R.</u>, 705 F.2d 839 (6th Cir. 1983). Because a court is to consider all relevant circumstances in making a ruling on the allowance of a late filing under Rule 9006, the likelihood of a meritorious defense cannot be said to have no impact whatsoever. However, this factor is generally not explicitly considered by courts when making a Rule 9006 determination. See <u>Jinks v. Alliedsignal Inc.</u>, 250 F.3d 381 (6th Cir. 2001); <u>In re MK Lombard Group I, Ltd.</u>, 301 B.R. 812 (Bankr. E.D. Penn. 2003).

**B.     Application**

The factors set forth in <u>Pioneer</u> and <u>Jinks</u> favor allowing ABN to file an answer to the complaint and reply to the cross claim even though the third factor, the reason for the delay, favors denying ABN's motion to file. An affidavit attached to ABN's brief in support indicates that an answer was not timely filed because the complaint did not get forwarded to ABN's legal department. Aff. at 1, Dkt. no. 30. No explanation was made as to why this mistake occurred. It appears that ABN's failure to timely file was due to pure carelessness on its part.

The other three factors weigh in favor of allowing ABN to file. First, there was no evidence that ABN acted in bad faith. The Sixth Circuit has defined bad faith as "not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral ambiguity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." <u>United States v. Heavrin</u>, 330 F.3d 723, 728 (6th Cir. 2003) (quoting <u>United States v. True</u>, 250 F.3d 410, 423 (6th Cir. 2001)). There is no evidence of "furtive design or ill will" before the court.

3

The prejudice to plaintiff and the length of the delay and its impact on judicial proceedings will be considered together. The answer to the amended complaint was due on August 16, 2004. ABN's motion for leave to file was filed on October 27, 2004, more than two months after the deadline had passed. However, the trustee did not file his motion for default judgment until December 1, 2004, three and a half months after ABN missed the deadline to file. Trustee states that granting ABN's motion would "delay the case for many months," which, in turn, would delay distribution to creditors. The trustee's concern for creditors is belied by his inaction in defaulting ABN for months while he had the opportunity to do so. Further, the court can find nothing in the record to indicate that ABN's delay in filing will negatively impact this judicial proceeding in any way. There is nothing to prevent this case from being heard expeditiously on its merits. It must be clear that the court is not condoning ABN's conduct in this case.

As to ABN's motion to file a reply to the amended cross-claim of Richard Briner, no objection to this motion was filed. Therefore, ABN will be permitted to file such a reply.

## CONCLUSION

For the foregoing reasons, ABN will be permitted to file an answer and reply after the deadline for such filings had passed. Trustee's motion for default judgment is therefore denied.

An order in accordance with this memorandum opinion will enter.

/s/ Russ Kendig

RUSS KENDIG
U.S BANKRUPTCY JUDGE

JAN 14 2005

## SERVICE LIST

Josiah L Mason
PO Box 345
153 W Main St
Ashland, OH 44805-2219

William C Fithian, III
111 N Main St
Mansfield, OH 44902

Cynthia M Roselle
Lerner Sampson & Rothfuss
120 East Fourth Street 8th Floor
Cincinnati, OH 45202

Steven E. Elder
731 Fife Ave
Wilmington, OH 45177